## SUPREME COURT.

DAVENPORT GLUCOSE COMPANY, respondents, agt. ISAAC W. TAUSSIG *et al.*, appellants.

*Examination before trial of a party charged with fraud — When and to what extent allowed — Privilege as to questions which may criminate.*

In an action to recover the possession of personal property, the defendants, though charged with fraud, may nevertheless be examined before trial, where the object is to ascertain the quantity of goods that came intò their hands, the time the goods were received, the time of their transfer to another party, etc., and if questions are put which defendants claim that they are not bound to answer, on the ground that they may criminate themselves, they may assert the privilege, and it is for the judge to determine whether the questions should be answered.

*First Department, General Term, August,* 1884.

*Before* DAVIS, P. J., DANIELS *and* HAIGHT, *JJ.*

APPEAL from order denying motion to set aside order for examination of the defendants.

*W. C. Hippenheimer,* for appellants.

*A. P. Whitehead,* for respondents.

DAVIS, P. J. — This is an appeal from an order of the special term denying motion to vacate an order directing examination of defendants before trial. The action is to recover possession of personal property, to wit, 250 barrels of glucose alleged to have been sold by the plaintiffs to the defendants Taussig and Hammerschlag, who subsequently made a general assignment to the defendant Barricklo for the benefit of their creditors. The plaintiff replevied 107 barrels of glucose. It is alleged that the sale and possession were fraudulently obtained.

Davenport Glucose Company agt. Taussig *et al.*

It must be conceded that the authorities in this district, on the question of the right to make an order for the examination of parties in an action where the plaintiff's cause of action is for an alleged fraud, are somewhat in conflict. There is no case, however, we think, that holds in an action to recover possession of personal property, where the object is to ascertain from the defendants the quantity of goods that came into their hands and the time when they received the same, and the time of making the sale or transfer of the same to another party, and the quantity delivered to him, &c., that such matters are not proper subjects for this preliminary examination.

In this case the assignee of the purchasers, Barricklo, who is not sought to be charged with fraudulent conduct, received the goods from the defendants. No reason can be imagined why he may not be called and examined as to when and where he received the same, and to what amount, and to prove whatever might be necessary touching the assignment to him of the goods by the other defendants, and the disposition that may have been made thereof. It can hardly be conceived that his answers to such an examination can be supposed to subject him to a charge of fraud.

In respect of the other defendants, it is very obvious, as it seems to us, that many questions may be asked which they will be bound to answer if called upon the trial, and if in the course of such an examination as this questions may be asked which they decline to answer, on the ground of their privilege, their rights are precisely the same as they would be upon the trial if the same questions were put to them there. They are not bound to criminate themselves, and may claim the personal privilege of refusing to answer. On such an examination it would be for the judge to determine, as it would be on a trial at circuit, whether the questions are such as they are not bound to answer. But the fact that some such questions may be put does not seem to be a good reason for holding that a party cannot be examined at all in an action of this kind.

The cases referred to by the learned counsel for the appellants do not go far enough, we think, to require us to hold that they determine this case adversely to the respondents.

We see no ground, therefore, for interfering with the order of the court below, and it should be affirmed, with ten dollars costs and disbursements.

DANIELS and HAIGHT, JJ., concurred in the result.